E-FILED
Monday, 10 September, 2007  12:06:28 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| DENNIS HERRMANN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 05-3277 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

The only remaining issue in this proceeding is whether Petitioner Dennis Herrmann received ineffective assistance of counsel because he claims that he instructed his counsel to file a notice of appeal, but counsel refused. Opinion entered December 18, 2006 (d/e 19) (Opinion), at 13-16; Text Order entered January 16, 2007. Herrmann had waived his right to appeal in his Plea Agreement. Opinion, at 6. At that time, three Circuit Courts of Appeals had ruled that a defendant receives ineffective assistance of counsel if the defendant instructs his attorney to file a notice of appeal and the attorney fails to do so, even if the defendant had waived his right to appeal. Opinion, at 14-15, citing Campusano v. United States, 442 F.3d

1

770, 771-72 (2<sup>d</sup> Cir. 2006); <u>Gomez-Diaz v. United States</u>, 433 F.3d 788, 790 (11th Cir. 2005); <u>United States v. Garrett</u>, 402 F.3d 1262, 1266 (10th Cir. 2005).  At the time this Court entered its Opinion on December 18, 2006, the Seventh Circuit Court of Appeals had not ruled on the issue. This Court followed the rulings of the other Circuits in setting the matter for an evidentiary hearing.

The Seventh Circuit Court of Appeals, however, has now determined that a defendant does not receive ineffective assistance of counsel if: (1) the defendant has waived his right to file an appeal in his plea agreement, (2) the defendant instructs his attorney to file a notice of appeal anyway, and (3) the attorney fails or refuses to file a notice of appeal.  <u>Nunez v. United States</u>, __ F.3d__, 2007 WL 2177125, at *2-*4 (7th Cir. July 31, 2007).  In such situations the attorney acts properly in honoring the waiver of the appeal rights in the Plea Agreement.  The attorney provides effective assistance of counsel because he is protecting the defendant from a claim that the defendant has breached the plea agreement.  <u>Id.</u>, at *3.

The decision in <u>Nunez</u> is controlling here.  Herrmann waived his appeal rights in his plea agreement and then instructed his attorney to file a notice of appeal anyway.  The attorney's refusal or failure to file the notice

of appeal was effective assistance of counsel as a matter of law. Id., at *4. In light of the clear instruction from the Seventh Circuit Court of Appeals, there is no need for an evidentiary hearing. The hearing is, therefore, canceled. All other issues raised by Petitioner were denied in the Opinion. The Petition, therefore, is denied in full.

The Court appointed counsel to represent Petitioner at the evidentiary hearing, pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings. Because no evidentiary hearing is required, appointed counsel is no longer needed. Petitioner's appointed counsel is, therefore, dismissed from his representation of the Petitioner in this case.

THEREFORE, in light of the decision in Nunez, 2007 WL 2177125, the last issue raised by Petitioner is denied. All other issues raised by Petitioner were denied in the Opinion entered December 18, 2006 (d/e 19). Judgment is entered in favor of the Respondent and against the Petitioner. The evidentiary hearing set for November 26, 2007, is canceled. Because no evidentiary hearing is necessary, the Petitioner's appointed counsel, Daniel Fultz, is dismissed from representation of the Petitioner in this case. This case is closed.

Petitioner is entitled to file a notice of appeal with this Court to appeal

this Court's decisions in this matter.  <u>Fed. R. App. P.</u> 4(a).  If Petitioner files a notice of appeal, he must also file with this Court a motion for a certificate of appealability.  28 U.S.C. § 2253; <u>Fed. R. App. P.</u> 22(b).  If Petitioner wishes to appeal <u>in</u> <u>forma</u> <u>pauperis</u>, he must also file with this Court an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, in the form set forth in Form 4 in the Appendix to the Federal Rules of Appellate Procedure.  The Clerk is directed to send Petitioner a copy of Form 4 and this Opinion.

IT IS THEREFORE SO ORDERED.

ENTER:   September 7, 2007

   FOR THE COURT:

     <u>  s/  Jeanne E. Scott   </u>
     JEANNE E. SCOTT
     UNITED STATES DISTRICT JUDGE